FILED
United States Court of Appeals
Tenth Circuit

September 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VERONIQUE A. LONGMIRE,

  Plaintiff-Appellant,

v.

REGENTS OF THE UNIVERSITY OF
CALIFORNIA, d/b/a Los Alamos
National Laboratory; G. PETER
NANOS, in his individual and official
capacities; LOS ALAMOS
NATIONAL SECURITY, LLC,
d/b/a Los Alamos National
Laboratory,

  Defendants-Appellees.

No. 09-2049
(D.C. Nos. 1:03-CV-01404-WPJ-RLP,
1:04-CV-00112-WPJ-RLP,
1:05-CV-01082-WPJ-RLP,
1:07-CV-00673-WPJ-RLP &
1:07-CV-00753-WPJ-RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

Veronique Longmire, proceeding pro se, appeals from the district court's

order granting summary judgment in favor of defendants on her claims alleging

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violations of the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), and Title VII, and for breach of contract. Ms. Longmire also appeals from the district court's denial of her motion for reconsideration. On appeal, Ms. Longmire argues that the district court erred in its consideration of her EPA claim because the court did not consider all of the evidence in the light most favorable to her, and because there are genuine issues of fact in dispute that require her case be submitted to a jury.[2]

In granting the motion for summary judgment on the EPA claim, the district court held:

> The uncontroverted evidence is that (i) Longmire was not hired to do the same job or to perform the same common core of tasks as the three EPA comparators with advanced technical degrees and skills, nor did she do substantially the same work as they did; (ii) she did not have the same advanced educational background in science and technology as her comparators; (iii) she was not an actual project or team leader in the IBD/TTD like her comparators and therefore did not perform "equal work"; (iv) she at times worked only part time and in different divisions of [Los Alamos National Lab ("LANL")] than her comparators; (v) she did not have the same skill sets or national reputations and experience as her comparators and performed work that was not substantially equal to their work; and (vi) she had not independently developed programs benefitting LANL, nor was she able to independently perform her job as a [Business Development Executive] in the same manner as her comparators, which made her job not substantially equal to theirs. At

---

[2] In her opening brief, Ms. Longmire does not challenge the district court's rulings on her ADEA, Title VII or breach of contract claims. Accordingly, she has waived any argument with respect to those claims. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

most, she performed only some functions of the jobs her comparators performed, and to a much lesser extent.

R., Vol. 1 at 1270-71. In denying the motion for reconsideration, the district court determined that "[Ms.] Longmire has failed to show that the Court 'has made a substantive mistake of law or fact in the final judgment or order.'" *Id.*, at 1372 (quoting *Utah ex. rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 723 (10th Cir. 2008)).

> We review summary judgment decisions de novo, applying the same legal standard as the district court. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1104-05 (10th Cir. 2008) (citations and quotation omitted), *petition for cert. filed*, 77 U.S.L.W. 2619 (February 23, 2009) (No. 08-1349). We review the denial of a Fed. R. Civ. P. 59(e) motion for reconsideration for abuse of discretion. *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

After careful review of the record on appeal and the applicable legal standards, we conclude that the district court correctly decided this case. We therefore AFFIRM the district court's judgment for the reasons stated in the court's Memorandum Opinion and Order Granting Summary Judgment, filed

November 18, 2008, and in the Order Denying Reconsideration, filed February 4, 2009.

Entered for the Court

John C. Porfilio
Circuit Judge